# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| EDDIE WAYNE LANE, JR, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:18-cv-02745-C (BT) |
| § | |
| § | |
| L BROCKMAN et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Eddie Wayne Lane, Jr., a federal prisoner, filed a *pro se* civil complaint under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* The Court granted him leave to proceed *in forma pauperis* but has not issued process pending judicial screening. For the following reasons, the complaint should be dismissed.

I.

Plaintiff alleges Defendants Warden M. Underwood and Lieutenant D. Montgomery failed to protect him on July 18, 2017, while he was incarcerated at FCI Seagoville. Plaintiff states that on that date another inmate pulled him down from his top bunk and assaulted him. Plaintiff also states that no officer was in his housing area to prevent the assault because there are no officers on duty in

1

the area after midnight, and that he previously informed Warden Underwood and Lieutenant Montgomery there was no officer on duty.

Plaintiff also claims Physician Assistant L. Brockman was deliberately indifferent to his medical needs. After the assault, Brockman examined Plaintiff and gave him pain medication. Plaintiff states Brockman should have taken x-rays or an MRI to ensure there were no additional injuries. By his lawsuit, Plaintiff seeks money damages from Underwood, Montgomery, Brockman, and the United States.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed in forma pauperis if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

2

§ 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

1.   ***Bivens***

   **A.   Physician Assistant Brockman**

Plaintiff's denial of medical care claim under *Bivens* is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that Defendant Brockman acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 106. This requires proof that Brockman was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

3

Plaintiff's claims do not establish that Defendant Brockman acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." Although Plaintiff claims Brockman should have taken x-rays or an MRI of his injuries, Plaintiff has not alleged that he suffered any broken bone or other injury that would have required an x-ray or MRI. He simply alleges that x-rays or an MRI would have provided more information in case he had other serious injuries that were not observed by Brockman. An inmate's disagreement with medical treatment, however, is insufficient to establish deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (stating prisoner's disagreement regarding the correct medical treatment does not constitute an actionable civil rights claim). Further, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)). Plaintiff's *Bivens* claims against Brockman should be dismissed.

### B. Warden Underwood and Lt. Montgomery

Plaintiff claims Warden Underwood and Lieutenant Montgomery failed to protect him. To establish a failure-to-protect claim, a prisoner must show he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530,

4

532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*; *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not raise a claim under § 1983).

Here, Plaintiff fails to show that Warden Underwood and Lieutenant Montgomery were deliberately indifferent to his safety. Although he states, "I had went to the Lt. Office two nights before the attack . . ." and that he told two officers about the lack of an officer in his housing area, (ECF No. 13 at 2-3), he does not allege that he told Underwood or Montgomery this information, and he alleges no facts showing either of these defendants drew any inference that there was substantial risk of serious harm to Plaintiff. Plaintiff states it is "upon my belief" that Warden Underwood and Lieutenant Montgomery should have been aware that no officer was on duty, but he also states, "I have no facts to prove this." (*Id.*) Plaintiff has failed to establish deliberate indifference.

2.  **FTCA**

Plaintiff sues Defendants Underwood, Montgomery, and Brockman under the FTCA. In his response to the Magistrate Judge's Questionnaire, Plaintiff amended his complaint to name the United States as a defendant. (*See* ECF No.

5

13 at 5.) The United States is the only proper defendant under the FTCA. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing *Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 957 (1991)) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.") Therefore, to the extent Plaintiff sues Defendants Underwood, Montgomery, and Brockman under the FTCA, these claims should be dismissed.

A plaintiff suing under the FTCA must also exhaust his administrative remedies by first presenting his claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Cook v. United States*, 978 F.2d 164, 165-166 (5th Cir. 1992). On December 6, 2017, Plaintiff submitted his FTCA claim to the BOP. (ECF No. 3 at 14.) On September 18, 2018, the BOP denied the claim. (*Id.* at 15.) Plaintiff's BOP complaint stated in its entirety as follows:

> Petitioner was an inmate at the FCI Seagoville, TX. On the morning of July 18 while he was asleep the BOP failed to protect him from harm as another inmate beat him so bad he required medical intervention. The BOP acting in their official capacity did nothing to intervene in the brutal abuse of Petitioner. Because of this Petitioner has permanent damage.
>
> Petitioner has both lasting physical and mental damage as a direct result of the BOP's failure to protect him.

(ECF No. 3 at 15.)

Plaintiff's FTCA complaint contained a general claim that the BOP failed to protect him from an assault, but he did not allege that prison officials failed to place a guard in his housing area. To the extent Plaintiff raises a general failure to

6

protect claim under the FTCA in this complaint, the Court finds Plaintiff has exhausted his administrative remedies.

The FTCA provides for a waiver of the United States' immunity from suit for claims involving "injury or loss of property, or personal injury or death arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment[.]" 28 U.S.C. § 2679(b)(1). Claims under the FTCA, however, are limited by the discretionary exception. This exception states:

> The provisions of . . . section 1346(b) . . . shall not apply to –
>
> (a)  Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

To state a claim under the FTCA, "a plaintiff has the burden of stating a claim for a state-law tort and establishing that the discretionary function exception does not apply." *Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010) (citing *St. Tammany Par. Ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 215 (5th Cir. 2009)). If the exception is found to apply, the FTCA claim must be dismissed for lack of subject-matter jurisdiction. *Cohen v. United States*, 151 F.3d 1338, 1341 (5th Cir. 1988).

To determine whether the discretionary function exception bars suit against the United States, the Court must consider: (1) whether the conduct of the Government employee involves an element of judgment or choice; and (2) if so, whether that judgment is grounded in considerations of public policy. *Cohen*, 151 F.3d at 1341 (citing *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991)).

As to the first prong, Plaintiff does not identify a statute, regulation or policy regarding his failure to protect claim. Instead, he appears to rely more generally on an Eighth Amendment duty to protect inmates from harm. An Eighth Amendment failure to protect claim, however, is not excluded from the discretionary function exception. As the Fifth Circuit has stated:

> [Plaintiff] generally alleges that the Government was obligated to keep him safe and free from harm while he remained incarcerated pursuant to 18 U.S.C. § 4042 and the Eighth Amendment to the United States Constitution and that the Government breached this duty by failing to protect him from assault. We join our sister circuits in recognizing that neither section 4042's mandate to protect prisoners nor the Eighth Amendment's prohibition against cruel and unusual punishment define a non-discretionary course of action specific enough to render the discretionary function exception inapplicable.

*See Garza v. United States*, 161 Fed.Appx. 341, 343 (5th Cir. 2005). Plaintiff has therefore failed to allege a statute, regulation or policy mandating specific actions by prison officials to protect inmates from harm, but instead identifies conduct involving elements of judgment or choice.

Second, the judgment involved in the BOP's decisions regarding how to protect inmates from harm involves considerations of public policy. *See*

8

*Buchanan v. United States*, 915 F.2d 969, 971 (5th Cir. 1990) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Because both prongs of the discretionary function exception are satisfied, Plaintiff has failed to show that the BOP's actions did not fall within this exception. His FTCA claim should therefore be dismissed.

## IV.

Plaintiff's *Bivens* claims should be dismissed under 28 U.S.C. §§ 1915A and 1915(e), and his FTCA claims should be dismissed for lack of subject matter jurisdiction

Signed January 9, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).